IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER DEAN TINSLEY, #26319-044,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BRIAN A. BLEDSOE,** )<br>)<br>**Defendant.** ) | **CIVIL NO. 06-649-JLF** |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, an inmate in the Federal Prison Camp in Marion, Illinois, seeks an injunction to prevent the Bureau of Prisons from transferring him to a federal medical center until such time as he has completed administrative appeals regarding this transfer.  The reason for his request is simple:  if transferred from the camp to a medical center, he will not be able to participate in a residential drug treatment program, and such participation could earn Plaintiff up to 18 months of credit towards his 60-month sentence.  On the other side of the equation, though, is the reason for the transfer to the medical center – Plaintiff suffers from Hodgkin's disease.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public

interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

This Court is loathe to interfere in the daily administration of prisons, particularly when the prison officials are in a much better position to determine the proper placement for each inmate. Further, the Court cannot see what harm will befall Plaintiff if he is transferred before he has completed his administrative appeals regarding the transfer. Finally, Plaintiff has filed no underlying complaint asserting any violation of his federal statutory or constitutional rights, and the Court will not contemplate what sort of claims he might try to present.

Accordingly, Plaintiff's request for injunctive relief is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: October 18, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**